FILED

2019 Nov-12  PM 03:26
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | | |
|---|---|---|
| MONICA LAWRENCE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. |
| | ) | |
| IMPROVED DATA SERVICES LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## PLAINTIFF'S COMPLAINT

Plaintiff, MONICA LAWRENCE, by and through her attorneys, Walker McMullan, Attorneys, alleges the following against Defendant, IMPROVED DATA SERVICES LLC:

### INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 § U.S.C. 1692 *et seq.* ("FDCPA").

### JURISDICTION AND VENUE

2. This court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337, and 15 U.S.C. § 1692k (FDCPA).

3. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

4. Venue and personal jurisdiction in this District are proper because Defendant does or transacts business within this District, and a material portion of the events at issue occurred in this District.

## PARTIES

5.  Plaintiff is a natural person residing in McCalla, Jefferson County, State of Alabama.

6.  Plaintiff is a consumer as that term is defined by 15 U.S.C. § 1692a(3).

7.  Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. § 1692a(5).

8.  Defendant is a debt collector as that term is defined by 15 U.S.C. § 1692a(6).

9.  Within the last year, Defendant attempted to collect a consumer debt from Plaintiff.

10.  Defendant is a national collection agency and New York limited liability company with its headquarters in the Village of Williamsville, Erie County, State of New York.

11.  Defendant's business includes, but is not limited to, collecting on unpaid, outstanding account balances.

12.  When an unpaid, outstanding account is placed with Defendant it is assigned a file number.

13.  The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

14.  Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

15.  During the course of its attempts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

16.  Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

17.  Defendant is attempting to collect a consumer debt from Plaintiff, allegedly originating as a NetCredit account.

18. Plaintiff's alleged debt owed arises from transactions for personal, family, or household purposes.

19. In or around August 2019, Defendant began calling Plaintiff on Plaintiff's cellular telephone at 205-881-7507 in an attempt to collect the alleged debt.

20. Defendant calls Plaintiff from several numbers, including 877-311-5489, which is one of Defendant's telephone numbers.

21. On or about August 9, 2019, Plaintiff answered a collection call from Defendant and spoke to one of its collectors, who identified himself as "Robert."

22. During the above-referenced collection call:

    a.  Robert demanded that Plaintiff immediately pay $500 toward the alleged debt and then agree to make monthly payments thereafter until the alleged debt was paid in full;

    b.  Plaintiff said that she does not make such decisions and make payments over the telephone;

    c.  Robert pressured Plaintiff to borrow money from family or friends to pay the alleged debt; and

    d.  Robert went so far as to threaten Plaintiff with a default judgment, check garnishment, and a lien on Plaintiff's home.

23. To date, Defendant has not pursued legal action against Plaintiff.

24. Defendant has never intended to take legal action against Plaintiff.

25. On or about August 13, 2019, Defendant's collector who identified himself as "Russell Dobson" left a voicemail message for Plaintiff.

26. During the above-referenced voicemail message, Mr. Dobson failed to disclose that the

call was made in an attempt to collect a debt and that any information obtained will be used for that purpose.

27. The natural consequences of Defendant's statements and actions was to unjustly condemn and vilify Plaintiff for her non-payment of the debt Plaintiff allegedly owed.

28. The natural consequences of Defendant's statements and actions was to produce an unpleasant and/or hostile situation between Defendant and Plaintiff.

29. The natural consequences of Defendant's statements and actions was to cause Plaintiff mental distress.

## DEFENDANT VIOLATED
## THE FAIR DEBT COLLECTION PRACTICES ACT

30. Defendant violated the FDCPA based on the following:

   a. Defendant violated § 1692d of the FDCPA by engaging in conduct that the natural consequence of which was to harass, oppress, and abuse in connection with the collection of an alleged debt when Defendant's collector attempted to coerce Plaintiff into payment of the alleged debt;

   b. Defendant violated § 1692d(2) of the FDCPA by its use of language the natural consequence of which is to abuse the hearer or reader when Defendant made empty threats to Plaintiff;

   c. Defendant violated § 1692e of the FDCPA by its use of any false, deceptive, or misleading representation or means in connection with the collection of any debt when Defendant made empty threats to Plaintiff about a default judgment, check garnishment, and a lien on Plaintiff's home;

   d. Defendant violated § 1692e(2)(A) of the FDCPA with its false representations of

the character, amount, or legal status of any debt when Defendant made empty threats to Plaintiff about a default judgment, check garnishment, and a lien on Plaintiff's home;

e.  Defendant violated § 1692e(4) of the FDCPA by its representation or implication that nonpayment of any debt will result in the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action when Defendant made empty threats to Plaintiff about check garnishment and placing a lien on Plaintiff's home;

f.  Defendant violated § 1692e(5) of the FDCPA by its use of a threat to take any action that cannot legally be taken or that is not intended to be taken when Defendant made empty threats to Plaintiff about a default judgment, check garnishment, and a lien on Plaintiff's home;

g.  Defendant violated § 1692e(10) of the FDCPA by using any false representation or deceptive means to collect or attempt to collect any debt when Defendant created the false impression on Plaintiff that Defendant was able to engage in coercive and illegal collection tactics with impunity;

h.  Defendant violated § 1692e(11) of the FDCPA when Defendant's collector failed to disclose in the voicemail message that he left for Plaintiff that his call was made in an attempt to collect a debt and that any information obtained will be used for that purpose;

i.  Defendant violated § 1692g(b) of the FDCPA by engaging in collection activities that overshadowed or was inconsistent with the disclosure of the consumer's right to dispute the debt when Defendant used heavy-handed and coercive collection

tactics;

j.  Defendant violated § 1692f of the FDCPA by its use of unfair or unconscionable means to collect or attempt to collect any debt when Defendant engaged in all of the misconduct alleged herein; and

k.  Defendant violated § 1692f(6) of the FDCPA by threatening to take any nonjudicial action to effect dispossession or disablement of property if (A) there is no present right to possession of the property claimed as collateral through an enforceable security interest (B) there is no present intention to take possession of the property or (C) the property is exempt by law from such dispossession or disablement when Defendant threatened to place a lien on Plaintiff's home.

WHEREFORE, Plaintiff, MONICA LAWRENCE, respectfully requests judgment be entered against Defendant, IMPROVED DATA SERVICES LLC, for the following:

a.  Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k;

b.  Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k; and

c.  Any other relief that this Honorable Court deems appropriate.

Respectfully submitted,
WALKER MCMULLAN, ATTORNEYS

By: /s/ M. Brandon Walker
M. Brandon Walker
Walker McMullan, Attorneys
242 West Valley Avenue, Suite 312
Birmingham, AL 35209
Tel: 205-417-2541
brandon@walkermcmullan.com
Attorney for Plaintiff